534 P.2d 771

The STATE of Idaho, Plaintiff-Respondent,

v.

Warren E. YODER et al., Defendants-Appellants.

No. 11543.

Supreme Court of Idaho.

April 22, 1975.

John R. Sellman, Public Defender of Elmore County, Mountain Home, for defendants-appellants.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Sr. Deputy Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

On the morning of January 16, 1972, at approximately 8:00 a. m., officers from the Elmore County Sheriff's Office, Mountain Home City Police, Mountain Home Air Force Base Office of Special Investigations, and the Idaho State Bureau of Narcotics and Dangerous Drugs, acting pursuant to a search warrant issued by Magistrate C. C. Campbell of Elmore County, entered a private residence at 1275 East Fourth North Street, Mountain Home, Elmore County, Idaho. Search of the premises revealed controlled substances consisting of Cannabis sativa (marijuana) and lysergic acid diethylamide (L.S.D.).

Occupants of the house, appellants herein, were placed under arrest. Following denial of appellants' motion to suppress, trial by jury was held July 7, 1972. Appellants Duane A. Congdon and Edward Nied, Jr. were convicted of possession of a controlled substance with intent to deliver, I.C. § 37–2732(a)(1)(B). Congdon was sentenced to three years in the Idaho State Penitentiary, the court retaining jurisdiction for 120 days. Nied similarly was sentenced to a term of three years, the court withholding judgment on the condition that he voluntarily spend thirty days in the Elmore County Jail and pay a fine of $250. Warren E. Yoder, was convicted of possession of a controlled substance, I.C. § 37–2732(c)(2), and sentenced to pay a fine of $100. From an order denying appellants' motion to suppress, and from the district court's overruling of defendants' objections to introduction of the seized evidence at trial, appellants bring this appeal.

Error is assigned to the district court's refusal to grant a motion to suppress on the ground that execution of the search warrant was invalid due to description of premises to be searched other than those actually searched.

Probable cause for the search warrant was allegedly established in hearing by sworn testimony of Jack B. Freeman, Deputy Sheriff, Elmore County. Freeman testified that four persons had been transported to the Mountain Home Air Force Base Hospital due to an adverse reaction following consumption of "L.S.D." Freeman interviewed the individuals involved and found that one of them had purchased the controlled substance from one "Ed Compton" in front of Compton's residence where he had been transported in a 1968 Volkswagen bearing Elmore County License 14–523. Freeman testified that the Volkswagen owner was Duane Congdon, an appellant herein, and that Congdon lived at

the residence. Testimony concerning location of the house was as follows:

"Francis Hicks [Prosecuting Attorney]: And, where is that residence located?

"Mr. Freeman: 1265 East Fourth North. I believe that is the correct answer. I have to look at my notes and see."

The house actually searched was 1275 East Fourth North Street, and the warrant was executed by Patrolman Peterson and Agent Kelley. Following the search, one of the participating officers penciled through "65" and inserted "75."

The state argues that the search should be upheld on the grounds that the circumstances of the case did not present a situation where the wrong premises were searched or where there was any substantial risk that a house other than the one for which probable cause to search was shown would be intruded upon. The state argues that Officer Freeman, one of the participating officers in the search never had any intention of searching 1265 East Fourth North Street, but that the error on the search warrant and supporting affidavit was due to another officer being sent to get the house number and returning with the wrong one.

■ Initially, we note that an executing officer cannot correct or modify a warrant in the event of mistake. Since only a judicial officer may issue a warrant, it necessarily follows that only a judicial officer may alter, modify or correct a warrant. Rule 41(c), Idaho Rules of Criminal Practice and Procedure. Therefore, the alleged change was without effect.

We now turn to the issue of particularity of description in the warrant. The Fourth Amendment to the Constitution of the United States reads as follows:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

A nearly identical guarantee of personal privacy is set forth in Article 1, Section 17 of the Idaho Constitution. Rule 41, Idaho Rules of Criminal Practice and Procedure; State v. Constanzo, 76 Idaho 19, 22, 276 P.2d 959 (1954).

■ The purpose of the language in the above provisions is to safeguard the privacy of citizens by insuring against the search of premises where probable cause is lacking. One such safeguard is the necessity of particularity in description. The often quoted test for determining such sufficiency is whether "the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." Steele v. United States, 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925). The description must be sufficiently clear so that the property to be searched is recognizable from other neighboring properties.

■ In the facts at bar the only distinguishable description contained in the warrant and supporting affidavit was the house number. The record is uncontradicted that the number was incorrect. As stated in the case of People v. Royse, 173 Colo. 254, 477 P.2d 380 (1970):

"To describe the place to be searched with particularity as is required, certainly means that if the place has an established street address, and this is the only method of description utilized, the correct address, and only the correct address, will suffice." 477 P.2d at 382.

The search warrant obtained in the case at bar did not support search of appellants' premises. Therefore, the order of the trial court on appellants' motion to suppress is reversed and the trial court is directed to enter an order granting said motion.

■ Because of our holding directing entry of appellants' motion to suppress, we must further consider and decide questions

of law which may arise on retrial of the case. I.C. § 1–205; Messmer v. Ker, 96 Idaho 75, 524 P.2d 536, 539 (1974); Sulik v. Central Valley Farms, Inc., 95 Idaho 826, 828, 521 P.2d 144 (1974).

■ Error is assigned to issuance of the search warrant on the ground it was issued pursuant to electronically recorded testimony rather than written affidavit. At all times relevant to this case, the Idaho Rules of Criminal Practice and Procedure were in effect. Rule 41(c) reads in pertinent part as follows:

> *"Issuance And Content. A warrant shall issue* only on an affidavit or affidavits sworn to before a district judge or magistrate or *by testimony under oath and recorded and establishing the grounds for issuing a warrant."* (emphasis added)

The appellants argue that the rule is in contravention of Article 1, Section 17 of the Idaho Constitution and I.C. § 19–4404. Article 1, Section 17 provides:

> "Unreasonable searches and seizures prohibited—The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue without probable cause shown by affidavit, particularly describing the place to be searched and the person or thing to be seized."

In State v. Badger, 96 Idaho 168, 525 P. 2d 363 (1974), this Court was faced with an identical issue—whether an affidavit must be in written form to satisfy constitutional guarantees. Therein the term "affidavit" was construed as follows:

> "We hold that the word 'affidavit' is broad enough to include the recording of sworn testimony. We find no express requirement of a 'written' affidavit and our holding does no violence to the purpose of spirit of our constitution but merely recognizes modern advances in technology. Electronic recording of sworn testimony is no less reliable and no more perishable than a sworn writing." 525 P.2d 365.

This Court continues to adhere to the position that Rule 41(c) is not contradictory to constitutional provisions in question. We do so even in view of I.C. § 19–4404 which reads as follows:

> "Examination of complainant and witnesses.—The magistrate must, before issuing the warrant, examine on oath the complainant and any witnesses he may produce, and take their depositions in writing, and cause them to be subscribed by the parties making them."

The appellants argue that the above is indeed an express requirement of a written affidavit, and as such, *Badger* should not control since I.C. § 19–4404 was not argued or considered therein. We disagree.

■ This Court has inherent power to formulate rules of practice and procedure within the courts of Idaho. I.C. § 1–212; State v. Badger, *supra*; R. E. W. Construction Co. v. District Court of the Third Judicial District, 88 Idaho 426, 438, 400 P.2d 390 (1965). As earlier stated, Rule 41(c) of the Idaho Rules of Criminal Practice and Procedure was in full force and effect at all times relevant herein. Therefore, I.C. § 19–4404 is of no further force and effect.

Reversed and remanded to the trial court for further proceedings in accordance with the views expressed herein.

McQUADE, C. J., and McFADDEN, SHEPARD and BAKES, JJ., concur.