594 P.2d 647

**STATE of Idaho, Plaintiff-Appellant,**

v.

**Phillip Rudolphe HART, Defendant-Respondent.**

No. 12852.

Supreme Court of Idaho.

May 10, 1979.

David H. Leroy, Atty. Gen., Eugene A. Ritti, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Klaus Wiebe, Ada County Public Defender, Gary E. Lofland, Boise, for defendant-respondent.

Before SHEPARD, C. J., DONALDSON and BISTLINE, JJ., and COGSWELL and KRAMER, JJ., Pro Tem.

PER CURIAM:

The issue presented herein is whether or not the district court erred in quashing a search warrant where the house to be searched was described by an erroneous house number, but was further identified by additional physical features contained in the warrant. We reverse.

A detective of the Boise City Police Department had been informed that there were several pounds of marijuana in the defendant's house. The house had been pointed out to the detective by an informant on one occasion and the detective, accompanied by another police officer, had subsequently returned to the defendant's house in order to obtain the house number before applying for a search warrant. The officer drove by the defendant's house on 31st Street, approximately seventy-five feet from the front of the residence and observed the house number as 1628.

Pursuant to an affidavit to search the dwelling, the magistrate issued a warrant authorizing the search of property described in the warrant as follows, to-wit:

Within a certain building, to-wit: green, single story woodframe house, 1628 N. 31st St., the southeast corner of 31st and Bella St. address is written on the door frame molding.

The correct address, in fact, was 1620 N. 31st Street, and had been handwritten vertically on the molding.

The investigating officer and his associate had mistaken the zero for an eight because of a knothole in the frame below the handwritten zero.

Defendant's house was searched and marijuana seized. The *detective that had applied for the search warrant also served the search warrant and led other police officers to the defendant's house.*

The district judge granted defendant's motion to suppress on the ground that the search warrant was not sufficiently specific. The court concluded that *State v. Yoder*, 96 Idaho 651, 534 P.2d 771 (1975), requires that a search warrant be sufficiently specific so that it can be served by a police officer who has no actual knowledge of the case.

The district court further found from the facts at the suppression hearing that confusion could arise in the mind of an officer serving the warrant due to the existence of another structure in the immediate area that appeared to be the same color green, single-story, and located on the back part of the same lot as defendant's house.

The state contends that this case is distinguishable from *Yoder* because the property to be searched was described further than just the street address.

We agree with the state's contention. In *Yoder* this Court held as follows:

We now turn to the issue of particularity of description in the warrant. The Fourth Amendment to the Constitution of the United States reads as follows:

'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.'

A nearly identical guarantee of personal privacy is set forth in Article I, Section 17 of the Idaho Constitution. Rule 41, Idaho Rules of Criminal Practice and Procedure; *State v. Constanzo*, 76 Idaho 19, 22, 276 P.2d 959 (1954).

The purpose of the language in the above provisions is to safeguard the privacy of citizens by insuring against the search of premises where probable cause is lacking. One such safeguard is the necessity of particularity in description. The often quoted test for determining such sufficiency is whether 'the officer with a search warrant can, with reasonable effort ascertain and identify the place intended.' *Steele v. United States*, 267 U.S. 498, 503, 45 S.Ct. 414, 416, 69 L.Ed. 757 (1925). The description must be sufficiently clear so that the property to be searched is recognizable from other neighboring properties.

In the facts at bar the only distinguishable description contained in the warrant and supporting affidavit was the house number. The record is uncontradicted that the number was incorrect. As stated in the case of *People v. Royse*, 173 Colo. 254, 477 P.2d 380 (1970):

'To describe the place to be searched with particularity as is required, certainly means that if the place has an established street address, and this is the only method of description utilized, the correct address, and only the correct address, will suffice.' 477 P.2d at 382.

96 Idaho at 653, 534 P.2d at 773.

In the instant case the officers possessed a warrant that contained more than just a house number. The place to be searched was described as a green house; a single-story wood frame house; resting on the southeast corner of two known streets, 31st and Bella; no other house rests on that particular corner; the address was written on the door frame molding rather than standard manufactured numerals of plastic, metal or wood. Even though the true address may be 1620 N. 31st, the address written on the frame coupled with the knothole would still appear to one in the position of the police officer driving by on 31st Street to read 1628. The officer with the search warrant in this case could, and did, with reasonable effort, ascertain and identify the place intended to be searched.

The district court's order is therefore reversed and remanded to the trial court for further proceedings in accordance with this opinion.