618 P.2d 776

The STATE of Idaho,
Plaintiff–Appellant,

v.

Curtis Martin CARLSON, Roberta Sand-
lin, Michael J. Bean and Starla Bean,
Defendants–Respondents.

No. 13222.

Supreme Court of Idaho.

Oct. 23, 1980.

David H. Leroy, Atty. Gen., Lynn E.
Thomas, Deputy Atty. Gen., Boise, for
plaintiff–appellant.

Alan E. Trimming, Boise, for defendants–
respondents.

DONALDSON, Chief Justice.

Pursuant to a search warrant, police offi-
cers searched the defendants–respondents'
house and seized a variety of drugs and
drug paraphenalia. Subsequently, respon-
dents were charged with the felonies of
unlawful possession and possession with in-
tent to deliver a controlled substance, phen-
cyclidine, in violation of I.C. § 37–2732.
Respondents were held to answer to the
district court and subsequently moved to
suppress evidence by attacking the suffi-
ciency of the affidavit supporting the war-
rant. The district court denied the motion.
Respondents filed a second motion to sup-
press alleging that the residence to be
searched was not particularly described in
the search warrant.

J. D. Bottger, an investigator for the
Narcotics Section of the Idaho Bureau of
Investigations, had applied for the search
warrant. Appearing before a magistrate in
Ada County, the officer gave an oral affida-
vit which resulted in the following descrip-
tion of the defendants' house being placed
on the search warrant:

> "A white single story wood frame family
> residence, located just south of a yellow
> frame house approx. 100 yds. from the
> intersection of Amity Rd. and *Kuna* Rd.
> The residence is on the east side of *Kuna*
> Rd." (emphasis added)

In his affidavit, the officer testified that
he had received this description by phone
from an informant under arrest in Pocatel-
lo, Idaho, that he had viewed the residence
approximately 45 minutes before applying
for the warrant, that the description was
accurate and that he would be involved in
the execution of the warrant and the
search. He also testified that he had been
unable to get an address by driving by the
residence. Officer Bottger did in fact lead
the search.

At the suppression hearing, testimony
was given that the correct street address of
the residence was 4990 *South Meridian*
Road, located near the intersection of Ami-

ty Road and *South Meridian* Road, not *Kuna* Road.

Citing the necessity of particularity in description as required by *State v. Yoder*, 96 Idaho 651, 534 P.2d 771 (1975), the district court held that the search warrant described the incorrect road and was therefore defective as a matter of law. The motion to suppress evidence gained from the search was granted. The state appeals from that order as authorized by I.A.R. 11(c)(4).

The fourth amendment to the Constitution of the United States mandates particularity in description of the place to be searched. The Idaho Constitution, art. 1, § 17, and the Idaho Criminal Rules, I.C.R. 41, echo this command. The applicable test for determining the sufficient degree of particularity is whether "the officer with a search warrant can, with reasonable effort ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757 (1925). This Court has expanded on this test: "The description must be sufficiently clear so that the property to be searched is recognizable from other neighboring properties." *State v. Yoder*, 96 Idaho at 653, 534 P.2d at 773. Accordingly, we find that the warrant in the instant case contained sufficient particularity in description of the house to be searched.

In the facts at bar, the sole defect in the search warrant is the misnaming of the road. If this were the only description utilized, as was so in *Yoder*, then the description might have been insufficient. Here, however, there was adequate additional description given, namely, that the house was a white, single story, wood frame family residence located just south of a yellow frame house and near an intersection, with one road of the intersection correctly named. *See State v. Hart*, 100 Idaho 137,

594 P.2d 647 (1979). Moreover, although discounted by the district court, the record discloses that based upon local usage, the road name used was suitable for purposes of executing the warrant. Testimony, largely uncontroverted, was that the local populace referred to the road in question as *Kuna* Road rather than *South Meridian* Road. While particularity in description is mandated, the underlying requirement is that the place intended to be searched can be properly identified by the searching officer. Here, the inclusion of the incorrect road name, by itself, served only to describe a technically nonexistent location which could never be mistakenly searched. The presence of the additional description assured that the officers could, and did, with reasonable effort, "ascertain and identify the place intended." The warrant served its intended purpose. Moreover, as was also the case in *State v. Hart, supra*, the officer who had applied for the warrant also led the search and directed other officers to the house.

Thus, considering the entire factual setting of the instant case and specifically finding a constitutionally adequate description provided, we conclude that the listing of a technically incorrect road name was inconsequential.

Reversed and remanded to the district court for further proceedings in accordance with the views expressed herein with directions to deny the motion to suppress.

SHEPARD, BAKES, McFADDEN and BISTLINE, JJ., concur.