765 P.2d 154

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Timothy SCHANEFELT and Shirley Schanefelt,
Defendants–Respondents.**

**No. 17265.**

Court of Appeals of Idaho.

Nov. 30, 1988.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Ellison M. Matthews, Boise, for defendants-respondents.

PER CURIAM.

This is an appeal by the state from an order of the district court suppressing evidence seized during the search of a residence. The search was conducted pursuant to a warrant issued by a magistrate. Although the warrant contained a description of physical characteristics of the house to be searched, the district court held that the warrant did not describe the property with sufficient particularity because the warrant did not specify the name of the street upon which the house was situated. We conclude the district court erred and we reverse the suppression order.

Based upon an affidavit presented by an Ada County deputy sheriff, a magistrate issued a warrant authorizing any sheriff, constable, marshal or policeman in Ada County to search for certain specified items relating to a drug investigation. The

place to be searched was described in the warrant as follows:

> The residence at 11723 is a single story, single family residence with an attached two car garage on the east side. The residence is wood siding, gray in color with the number 11723 near the front door.

The name of the street where the house was located was not included in the warrant.[1]

Armed with the warrant, the deputy and several other officers searched a home located at 11723 Santa Barbara, a street in Ada County, Idaho. Growing marijuana was found outside the house. Bags of marijuana and other drug-related items were found within the house. After seizure of the evidence discovered in the search, Timothy and Shirley Schanefelt—the occupants of the house—were arrested on charges of possession of controlled substances with the intent to deliver and of manufacturing a controlled substance. Their motion to suppress the seized evidence, on the ground that the residential property had not been sufficiently described, was granted by the district court. The state appealed from the suppression order, under I.A.R. 11(c)(7).

The dispositive issue is whether the warrant sufficiently described the premises to be searched. We hold that it did.

On appeal from an order suppressing evidence because of alleged insufficiency of a search warrant to particularly describe the place to be searched, the appellate court exercises free review. *See* e.g., *State v. Carlson*, 101 Idaho 598, 618 P.2d 776 (1980); *State v. Sapp*, 110 Idaho 153, 715 P.2d 366 (Ct.App.1986). Both the federal constitution and the constitution of Idaho mandate particularity in description of the place to be searched. *State v. Carlson, supra.* The purpose of the particularity requirement is to minimize the risk that

officers executing search warrants will mistakenly search a place other than the place intended by the magistrate. 2 W. LAFAVE, SEARCH AND SEIZURE § 4.5 (1987). As stated by our Supreme Court,

> [t]he applicable test for determining the sufficient degree of particularity is whether "the officer with a search warrant can with reasonable effort ascertain and identify the place intended." *Steele v. United States*, 267 U.S. 498, 503, 45 S.Ct. 414 [416], 69 L.Ed. 757 (1925). This Court has expanded on this test: "The description must be sufficiently clear so that the property to be searched is recognizable from other neighboring properties." *State v. Yoder*, 96 Idaho at 653, 534 P.2d at 773.

*State v. Carlson, supra* at 599, 618 P.2d at 777.

In *State v. Yoder*, 96 Idaho 651, 534 P.2d 771 (1975), the Court held that where the only distinguishable description contained in the warrant is a street address, then an incorrect house number renders the warrant deficient in particularity with regard to the property to be searched. Subsequently, in *State v. Hart*, 100 Idaho 137, 594 P.2d 647 (1979), in *State v. Carlson, supra*, in *State v. Gomez*, 101 Idaho 802, 623 P.2d 110 (1980), *cert. denied*, 454 U.S. 963, 102 S.Ct. 503, 70 L.Ed.2d 378 (1981), and again in *State v. Schaffer*, 112 Idaho 1024, 739 P.2d 323 (1987), the Court was faced with variations of the issue discussed in *Yoder*. In *Hart*, the warrant described the property to be searched as "a certain building to-wit: green, single story wood-frame house, 1628 N. 31st St., the southeast corner of 31st and Bella St. address is written on the door frame molding." As it turned out, the house number in that warrant was incorrect; the correct address was 1620 N. 31st Street. The Court held the description was sufficient notwithstanding the inclusion of the incorrect

---

1. In the affidavit presented to the magistrate, the deputy identified the property as "11723 Santa Barbara which is a street in Ada County." However, the warrant did not, by its language, incorporate the affidavit into the terms of the warrant; nor was the affidavit attached to the warrant when the warrant was issued and exe-

cuted. The deputy's affidavit further stated that —following an anonymous phone call to the Ada County Crime Stoppers—he obtained permission from the occupants of the residence next to 11723 Santa Barbara to look through their fence "into the back yard of 11723," where he observed several growing marijuana plants.

house number, noting that the warrant contained more than just a house-number description of the property. 100 Idaho at 139, 594 P.2d at 649. In *Carlson,* the sole defect in the search warrant was the misnaming of one of two roads disclosed in the description of the property. The Court said:

> If this were the only description utilized, as was so in *Yoder,* then the description might have been insufficient. Here, however, there was adequate additional description given, namely that the house was a white, single story, wood frame family residence located just south of a yellow frame house and near an intersection, with one road of the intersection correctly named.

101 Idaho at 599, 618 P.2d at 777. In *Gomez,* the warrant identified the house to be searched as one with the number 204 posted on the front of the house. Conflicting testimony indicated that the number "204" did not appear on the house at the time of the search. However, the Court held that, although there was an error in the description, the residence was sufficiently identified by additional physical features recited in the search warrant. 101 Idaho at 811, 623 P.2d at 119.

Finally, in *Schaffer,* the Court considered the following description contained in a search warrant.

> Traveling north from Bonners Ferry on Highway 95, Turning East on Highway 2 to County Road 76. Located there is a white mail box with Schaffer's name on it, turn right on County Road 76, driving South on County Road 76 to a fork, staying right and traveling to the next fork, turning left and continuing to a wood residence and greenhouse with opaque windows.

The Schaffers asserted the description in the warrant was defective because they did not have a white mailbox but received their mail at a local post office and that they did not live on or near County Road 76, but instead lived off of County Road 77 (not mentioned in the warrant). Our Supreme Court upheld the district court's conclusion that the description was sufficient. Discussing *Carlson* and *Gomez,* the Court noted that inherent in both those decisions was the determination that no reasonable prospect existed that the wrong location would be searched in reliance on the search warrant. The Court said:

> [T]he search warrant contained a sufficient description so as to allow the officers to ascertain the correct identity of the [Schaffers'] premises. Even though there was no mailbox and the county road was inaccurate, the officers could find and did find the residence from the description. The fact that the officers knew how to reach the residence combined with the description of the house and greenhouse made the prospect of a mistaken search remote.

112 Idaho at 1028, 739 P.2d at 327.

■ The Fourth Amendment to the United States Constitution requires particularity in description of the place to be searched. It does not require convenient directions for locating the premises unless such directions also are essential to the property description. Here, the lack of reference in the warrant to the street upon which the Schanefelts' house was located was not a constitutional defect. It created no reasonable prospect that the wrong house would be searched. The house was described with great particularity as a single story, single family residence with an attached two-car garage on the east side, having wood siding, gray in color, and with the numbers 11723 near the front door. This description was clear and specific. Indeed, the description contained the same essential information that would have appeared in a photograph of the house. The information was manifestly adequate to distinguish the house from other houses in Ada County.

Although the name of the street undoubtedly would have aided the officers in locating the house more readily, it was not essential to a description of the house itself. Moreover, location was never an issue because the deputy who obtained and executed the warrant already knew where

to find the described premises.[2] Accordingly, the order suppressing the evidence seized under the warrant is reversed. Case remanded.

2. A similar circumstance existed in *State v. Schaffer, supra, State v. Carlson, supra,* and *State v. Hart, supra.* In *State v. Sapp,* 110 Idaho 153, 715 P.2d 366 (Ct.App.1986) we held:

[*State v. Yoder,* 96 Idaho 651, 534 P.2d 771 (1975)] does not require that the description [in a search warrant] to be so specific that an officer with *no actual knowledge* could reasonably locate the property. To the contrary, the fact that the same officers who applied for the warrant are the same officers who execute it is a factor to be taken into consideration when evaluating the description. *United States v. Turner,* 770 F.2d 1508 (9th Cir.1985); *State v. Hart,* 100 Idaho 137, 594 P.2d 647

(1979). The purpose of the description is to allow the executing officers to ascertain and identify the property to be searched and to distinguish the intended property from neighboring property. Obviously, if the same officers are involved in obtaining and executing the warrant, these objectives are more likely to be met [and] the possibility that neighboring properties would be mistakenly searched or that the officers executing the warrant would not be able to locate the property was significantly reduced.

110 Idaho at 155, 715 P.2d at 368 (emphasis original).