NO. 07-09-00334-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 28, 2010

_____

THE STATE OF TEXAS, APPELLANT

v.

MEREDITH JOLENE LOZANO, APPELLEE

_____

FROM THE COUNTY COURT OF YOAKUM COUNTY;

NO. 10624; HONORABLE JIM BARRON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

The State of Texas, by interlocutory appeal, appeals the granting of a motion to suppress by the trial court.[1]  Finding that the trial court erred by granting the motion to suppress, we reverse.

Factual and Procedural Background

Because the facts that resulted in the issuance of a search warrant to collect a specimen of blood from appellee, Meredith Jolene Lozano (Lozano), are not contested

_____

[1] See TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp. 2009).

in this appeal, we will refer to only so much of the background facts as necessary for this opinion. On May 25, 2008, Denver City, Texas, police officer, Ryan Taylor, initiated a traffic stop on Lozano. After initiating the traffic stop, Taylor began investigating Lozano for driving while intoxicated. As part of the investigation, Taylor requested a specimen of Lozano's breath for analysis. Lozano declined to give a breath specimen. Taylor then prepared an affidavit in support of a search warrant to obtain a specimen of Lozano's blood. The affidavit was presented to a Justice of the Peace, acting as a magistrate, in Yoakum County, Texas. The magistrate issued the search warrant, and the blood specimen was collected.

After the State filed an information and complaint alleging that Lozano had operated a motor vehicle while intoxicated, Lozano filed a motion to suppress the results of the search warrant. The motion to suppress alleged two grounds in support of suppression of the blood test results. First, the motion alleged that the officer lacked reasonable suspicion or probable cause to stop Lozano. Second, the motion alleged that there was a discrepancy between the date of birth for Lozano stated in the affidavit in support of the warrant and the date listed in the actual warrant. The trial court conducted a hearing on Lozano's motion to suppress and, after hearing the evidence, denied the motion to suppress as to the reasonable suspicion or probable cause to initiate the traffic stop but granted the motion because of the discrepancy between the affidavit and warrant as to Lozano's date of birth. By one issue, the State contends that the ruling of the trial court was in error and asks this Court to reverse the trial court's ruling. We reverse.

2

Standard of Review

As a reviewing court, we review the granting or denial of a motion to suppress under a bifurcated standard of review. See St. George v. State, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007). The trial court is the sole trier of fact and the judge of the credibility of the witnesses and the weight to be given their testimony. Id. Almost total deference is given to the trial court's determination of historical facts. Id. However, application of the law to the facts that does not turn on credibility and demeanor are reviewed *de novo*. See Keehn v. State, 279 S.W.3d 330, 334 (Tex.Crim.App. 2009).

Analysis

The trial court's order granting the motion to suppress concluded that there was reasonable suspicion and probable cause to support the detention of Lozano for suspicion of driving while intoxicated. However, the trial court found that the search warrant was insufficient because the warrant gave a different date of birth for Lozano than that reflected in the affidavit. Based upon this finding, the trial court suppressed the evidence that was procured by means of the search warrant.

With this factual basis, we are squarely presented with the issue of how we interpret the information provided in this search warrant. The State frames the question as being one of using a commonsensical, rather than hyper-technical, interpretation of the warrant. See Serrano v. State, 123 S.W.3d 53, 58 (Tex.App.—Austin 2003, pet. ref'd) (citing Illinois v. Gates, 462 U.S. 213, 236, 76 L.Ed.2d 527, 103 S.Ct. 2317 (1983)). Appellant, however, contends that the mistake on the warrant is much more than a technical mistake. The mistake in question goes directly to the issue of the

identification of appellant and, as such, is part of the protection provided by the Fourth Amendment to minimize the search of innocent parties. See Long v. State, 132 S.W.3d 443, 447 (Tex.Crim.App. 2004).

The record reveals that the affidavit in support of the search warrant was attached to the actual warrant and incorporated by reference in the warrant. See id. at 448. This is an important consideration when there is a discrepancy in a description contained in the two documents. As stated by the Texas Court of Criminal Appeals in Green v. State, the affidavit given to secure a search warrant controls over the search warrant. 799 S.W.2d 756, 760 (Tex.Crim.App. 1990). The affidavit in question contained the correct date of birth for Lozano. Only in the warrant was there a mistake on the date of birth. It is upon the basis of the affidavit that the magistrate must decide whether there is probable cause for the issuance of a warrant and against whom the warrant should be issued. See id.

Therefore, when we return to one of the basic principles behind the requirement of a warrant, minimizing the danger of searching the person of an innocent bystander, we find that the affidavit correctly describes the person to be searched. See Long, 132 S.W.3d at 447 (citing Berger v. New York, 388 U.S.41, 58, 18 L.Ed.2d 1040, 87 S.Ct 1873 (1967)). Appellant concedes that the affidavit contains the correct date of birth. And both the affidavit and warrant correctly identify appellant as the person whose blood was to be taken, by name as "Meredith Jolene Lozano." The other identifying information in the affidavit, including appellant's description as a "white female" and her approximate height and weight, also was correctly stated in the warrant. According to

4

both the affidavit and the warrant, appellant was in custody in the Denver City police department at the time. The erroneous date of birth contained in the warrant is no more or less than a typographical mistake and, as such, does not vitiate the validity of the warrant. See Jones v. State, 914 S.W.2d 675, 678 (Tex.App.—Amarillo 1996, no pet.); Rios v. State, 901 S.W.2d 704, 708 (Tex.App.—San Antonio 1995, no pet.). Accordingly, we hold that the trial court erred by granting the motion to suppress. The State's issue is sustained.

## Conclusion

Having determined that the trial court erred by granting the motion to suppress, we reverse the trial court and remand this case for further proceedings consistent with this opinion.

Mackey K. Hancock
Justice

Do not publish.