02-11-086-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.
02-11-00086-CR

 

 


 
 
 Michael Ray Bonds
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 97th District Court OF Montague COUNTY

----------

 

OPINION

----------

 

I.  Introduction

         
In a single issue, Appellant Michael Ray Bonds asserts that the trial court
erred by denying his motion to suppress evidence seized pursuant to a search
warrant.  The affidavit supporting the search warrant articulates probable
cause for a search of 401 Barker Street, Bowie, Montague County, Texas. 
But the search warrant was not executed at 401 Barker Street.  It was
executed at a neighboring home, and no probable cause existed to search that
residence.  Accordingly, we will reverse the trial court’s judgment and
remand this case to the trial court.

II.  Factual Background

         
On August 5, 2008, Texas Department of Public Safety Officer Jeff Ashburn
prepared an affidavit for a search warrant.  The affidavit described the
place to be searched as

[a] single story residence
located at 401 Barker Street, Bowie, Montague County, Texas.  Said
residence is a white wooden framed residence with a grey composition shingle
roof with the front of the residence facing south.  Said residence has two
(2) windows facing towards Barker Street.  In addition, the property has a
detached garage northwest of said residence.  The garage has a large white
utility door facing towards Barker Street.  Parked east of the garage is a
small white and blue camper trailer.

The
affidavit stated that Bonds was in charge of the residence.  The affidavit
stated that the affiant “charge[d] and accuse[d]” Bonds of possessing and
concealing, at the suspected place,

[d]rugs and/or chemicals kept, prepared, or manufactured
in violation of the law of the State of Texas, to wit:  Possession of
Controlled Substance in Penalty Group 1, (Methamphetamine) (Cocaine)  . .
. [;] drug paraphernalia and evidence of methamphetamine and cocaine distribution
including, but not limited to, scales for weighing drugs; containers, packaging
materials, and other paraphernalia commonly used to package methamphetamine and
cocaine for distribution in non-bulk, individualized use units; papers or
records, documentary and electronic, indicating sales, purchases, and customers
for methamphetamine and cocaine distribution.

The
affidavit explained that Officer Ashburn possessed probable cause for his
belief that the above items could be found at 401 Barker Street “by reason of the
following facts”:

•  A
confidential informant told Officer Ashburn in November 2007 that he had
observed Bonds in possession of methamphetamine and had observed
methamphetamine at Bonds’s residence “located at
Texas State Highway 59 and Barker Street in Bowie, Montague County,
Texas.”  

 

•  Officer
Ashburn transported the confidential informant to Bonds’s
residence, “which [Officer Ashburn] identified as 401 Barker Street, Bowie,
Montague County, Texas.”

 

•  The
confidential informant picked Bonds out of a photo line-up as the person from
whom he had “conducted a controlled purchase of methamphetamine.”

 

•  “Based on records maintained by the
Texas Department of Public Safety, Bonds lists 401 Barker Street, Bowie,
Montague County, Texas for Texas Driver License [number omitted].”

 

•  On May 27,
2008, Officer Ashburn “obtained care custody and control of refuse that had
been discarded and left for collection at the said residence, 401 Barker
Street, Bowie, Montague County, Texas.”  Officer Ashburn conducted a
thorough examination of the contents and documented the following items:

 

-  one melted
glass smoking pipe containing a white powder residue, which was submitted and
analyzed by the Texas Department of Public Safety Crime Laboratory and
identified as cocaine, and 

 

- one
Mastercard credit card application addressed to Bonds
at 401 Barker Street, Bowie, Texas.

 

•  On July 15, 2008 and
August 5, 2008, Officer Ashburn conducted additional garbage searches of refuse
“left for collection at the said residence, 401 Barker Street, Bowie, Montague
County, Texas” and documented the discovery of other drug-related items.  

 

         
Based on Officer Ashburn’s affidavit, the magistrate issued a warrant to search
401 Barker Street, Bowie, Montague County, Texas and to seize the items listed
in the affidavit.

         
The record from the suppression hearing establishes, however, that 401 Barker
Street was not the residence where the search warrant was executed. 
Instead, police searched a home next door to 401 Barker Street.  At the
suppression hearing, photos of the neighboring residences were introduced into
evidence.  The photos showed that the home that was searched bore an
address placard for 422 Cowan on the front of that home and had a brown roof,
rather than a grey composition shingle roof as stated in the affidavit, and
showed that the neighboring home bore the numbers “401” on the front. 
Officer Ashburn identified the home searched and agreed that the neighboring
home, a prefabricated home with a grey composition shingle roof, bore the
numbers 401 on the front of the home.  Officer Ashburn explained that the
address placard for 422 Cowan that was pictured on the front of the home that
was actually searched had been placed there since the search.

III.  Standard of
Review and Law on Search Warrant Affidavits

The
Fourth Amendment to the United States Constitution requires that “no warrants
shall issue, but upon probable cause, supported by oath or affirmation, and
particularly describing the place to be searched, and the person or things to
be seized.”  U.S. Const. amend. IV.  Likewise, Texas Code of Criminal Procedure article
18.01(c) requires a probable cause affidavit to set forth facts establishing
that (1) a specific offense has been committed, (2) the item to be seized
constitutes evidence of the offense or evidence that a particular person
committed the offense, and (3) the item is located at or on the person, place,
or thing to be searched.  Tex. Code Crim. Proc. Ann. art.
18.01(c) (West Supp. 2011); see Tolentino
v. State, 638 S.W.2d 499, 501 (Tex. Crim. App.
[Panel Op.] 1982).  Thus, a search warrant must be based on probable cause
set forth in an affidavit and must particularly describe the place to be
searched.  U.S. Const. amend. IV; Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. art. 18.01(b),
(c); Rios v. State, 901 S.W.2d 704, 706 (Tex.
App.––San Antonio 1995, no pet.) (recognizing
that both the Texas constitution and the code of criminal procedure require
that a search warrant describe the place to be searched).

Concerning
the probable cause requirement of the affidavit, under the Fourth Amendment and
the Texas constitution, an affidavit supporting a search warrant is sufficient if,
from the totality of the circumstances reflected in the affidavit, the
magistrate was provided with a substantial basis for concluding that probable
cause existed.  Swearingen v. State, 143 S.W.3d 808, 810–11 (Tex. Crim. App. 2004); Nichols v.
State, 877 S.W.2d 494, 497 (Tex. App.––Fort Worth
1994, pet. ref’d).  Probable cause for a search warrant exists if,
under the totality of the circumstances presented to the magistrate in an
affidavit, there is at least a “‘fair probability’” or “‘substantial chance’”
that contraband or evidence of a crime will be found at the specified location.
 Flores v. State, 319 S.W.3d 697, 702
(Tex. Crim. App. 2010) (quoting Illinois v. Gates, 462 U.S. 213, 238,
257 n.13, 103 S. Ct. 2317, 2332, 2342 n.13 (1983)).  The affidavit must contain “sufficient
information” to allow the issuing magistrate to determine probable cause
because the magistrate’s action “cannot be a mere ratification of the bare
conclusions of others.”  Gates, 462 U.S. at 239,
103 S. Ct. at 2333; Morris v. State, 62 S.W.3d
817, 821 (Tex. App.—Waco 2001, no pet.).  Whether probable cause
exists to support the issuance of a search warrant is determined from the “four
corners” of the affidavit alone.  Massey v. State,
933 S.W.2d 141, 148 (Tex. Crim. App. 1996).
 Statements made during a pretrial hearing on the motion to suppress do
not factor into that determination.  Id. 

The
requirement that a search warrant particularly describe the place to be
searched is satisfied if the warrant describes the target location in
sufficient detail so that the officer can locate and distinguish it from other
places in the community.  Bridges v. State, 574 S.W.2d 560, 562 (Tex. Crim. App. [Panel Op.] 1978); Haynes
v. State, 475 S.W.2d 739, 740 (Tex. Crim. App.
1971); Jones v. State, 914 S.W.2d 675, 678
(Tex. App.––Amarillo 1996, no pet.).  The constitutional objectives
of requiring a “particular” description of the place to be searched include:
(1) ensuring that the officer searches the right place; (2) confirming
that probable cause is, in fact, established for the place described in the
warrant; (3) limiting the officer’s discretion and narrowing the scope of his
search; (4) minimizing the danger of mistakenly searching the person or
property of an innocent bystander or property owner; and (5) informing the
owner of the officer’s authority to search that specific location.  Long v. State, 132 S.W.3d 443, 447
(Tex. Crim. App. 2004).

When
reviewing a magistrate’s decision to issue a warrant, we apply a deferential
standard in keeping with the constitutional preference for a warrant.  Rodriguez
v. State, 232 S.W.3d 55, 60 (Tex. Crim. App.
2007); Swearingen, 143 S.W.3d at 810–11; Farhat v. State, 337 S.W.3d
302, 306 (Tex. App.––Fort Worth 2011, pet. ref’d).  No magical formula
exists for determining whether an affidavit provides a substantial basis for a
magistrate’s probable cause determination. Tolentino, 638 S.W.2d
at 501.  Instead, when a court reviews an issuing magistrate’s
determination, the court should interpret the affidavit in a commonsense and
realistic manner, recognizing that the magistrate may draw reasonable
inferences. See Rodriguez, 232 S.W.3d at 61; see also Davis v. State, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006); Nichols, 877
S.W.2d at 498. Nevertheless,
a magistrate should not read into an affidavit
material information that does not otherwise appear on its face.  Cassias v. State, 719 S.W.2d 585,
590 (Tex. Crim. App. 1986).

But
the deference afforded a magistrate’s determination “is not boundless,” and a
reviewing court “will not defer to a warrant based on an affidavit that does
not ‘provide the magistrate with a substantial basis for determining the
existence of probable cause.’”  Kennedy v. State, 338 S.W.3d 84, 93 (Tex. App.––Austin 2011, no pet.) (quoting United States v. Leon,
468 U.S. 897, 915, 104 S. Ct. 3405, 3416 (1984)).  A reviewing court is to
“conscientiously review the sufficiency of affidavits on which warrants are
issued” to ensure that an abdication of the magistrate’s duty does not
occur.  See Gates, 462 U.S. at 239, 103 S. Ct. at 2333; see also
Leon, 468 U.S. at 914–15, 104 S. Ct. at 3416; Farhat,
377 S.W.3d at 306.

IV.  The Supporting Affidavit Fails to Establish a Nexus
Between

the Things to Be Seized and the Place Actually
Searched

         
Concerning the adequacy of the search warrant’s description of the residence to
be searched, the State’s position at the motion to suppress hearing and on
appeal is that the supporting affidavit and the search warrant comply with the
Fourth Amendment’s and article 18.01’s requirement
that a warrant describe with particularity the place to be searched.  The
State contends that the supporting affidavit and the search warrant adequately
describe the residence that was in fact searched, that being the home now
bearing the address placard for 422 Cowan.[1]  Assuming that the search warrant’s
description of the target residence bearing the address placard for 422 Cowan
was sufficient to enable officers executing the warrant to locate the target
residence and to distinguish it from other places in the community,
nonetheless, as discussed below, the totality of the circumstances set forth in
Officer Ashburn’s affidavit fail to indicate a fair probability or a
substantial chance that the items identified in the warrant would be found at
the residence searched.  We therefore need not address the adequacy of the
search warrant’s description of the place to be searched––the residence now
bearing the address placard for 422 Cowan.  See Tex. R. App. P.
47.1 (providing that opinions must address issues necessary to final
disposition of appeal).

         
Turning to the discussion of whether Officer Ashburn’s affidavit articulates
facts establishing probable cause to search the residence now bearing the 422
Cowan placard, probable cause requires the establishment of a nexus between (1)
criminal activity, (2) the things to be seized, and (3) the place to be
searched.  See 2 Wayne R. LaFave,
Search and Seizure § 3.7(d), at 412 (4th ed. 2004).

          Concerning the object-place nexus,
“[u]nder the Fourth Amendment, the place to be
searched pursuant to a search warrant must be particularly described, but this
hardly means that it will always suffice that the place is described in
definite and certain terms.”  See id. §
3.7(d), at 431.  The described place must “match up” with the
probable cause showing.  Id.  Concerning the criminal
activity-place nexus, when a person is implicated in an offense and when it is
clear that the items to be seized are connected with criminal activity, a
search warrant affidavit must provide a basis for the conclusion that the
residence to be searched is the residence of an implicated person.  See
id.; see also Serrano v. State, 123 S.W.3d
53, 61 (Tex. App.––Austin 2003, pet. ref’d) (noting that “there was no nexus
between the tip (of criminal activity) and 8513 Cornwall,” the residence
searched).

         
Here, the probable cause facts in Officer Ashburn’s affidavit (dated August 5,
2008) indicate that a confidential informant observed (in November 2007) Bonds
in possession of methamphetamine “inside ‘Mike Bonds’s’
residence located at Texas State Highway 59 and Barker Street in Bowie,
Montague County, Texas.”  When Officer Ashburn transported the
confidential informant to Bonds’s residence, the
confidential informant pointed out Bonds’s residence
and Officer Ashburn “identified [it] as 401 Barker Street, Bowie, Montague
County, Texas.”  Officer Ashburn determined that Bonds had listed 401
Barker Street as his address on his driver’s license.  On May 27, 2008,
Officer Ashburn conducted a garbage search of refuse left for collection at 401
Barker Street and found a melted glass smoking pipe containing cocaine residue
and a Mastercard credit card application addressed to
Bonds at 401 Barker Street.  On July 15, 2008 and August 5, 2008, Officer
Ashburn conducted additional garbage searches of refuse left for collection at
401 Barker Street and found other drug-related items.  The confidential
informant selected Bonds’s photo from a photo line-up
as the person from whom he had made a controlled buy of methamphetamine.

Looking
at the totality of the circumstances set forth in the supporting affidavit that
was reviewed by the magistrate and recognizing that the magistrate may
interpret the affidavit in a non-technical, common-sense manner and draw
reasonable inferences from it, Officer Ashburn’s affidavit nonetheless does not
provide a substantial basis to conclude that a fair probability exists that
contraband or evidence of a crime would be found at the residence actually
searched––the residence that now bears an address placard for 422 Cowan. 
The information in Officer Ashburn’s affidavit connects the items to be seized
with 401 Barker Street via the informant’s nine-month-old tip that he had seen
drugs in Bonds’s home––which Officer Ashburn
identified as 401 Barker Street when he transported the informant to the
location to point out Bonds’s home––and via garbage
searches of refuse left for collection at 401 Barker Street (the object-place
nexus).  The affidavit articulates criminal activity by Bonds––the
offenses of possession of methamphetamine and cocaine, possession of drug
paraphernalia, and the sale of methamphetamine to the confidential
informant––and connects Bonds, via his driver’s license address, a credit card
application, and garbage searches, to 401 Barker Street (the criminal
activity-place nexus).  See Serrano, 123 S.W.3d
at 61 (explaining that in determining whether a search warrant is supported by
probable cause, the crucial element is not whether the person targeted by the
search is suspected of a crime but whether it is reasonable to believe that the
items to be seized will be found in the place to be searched).  But
virtually no facts exist in Officer Ashburn’s probable cause affidavit
expressing any cause, much less probable cause, to search any residence other
than 401 Barker Street.  The probable cause facts stated in the affidavit
(all linked to 401 Barker Street) do not “match up” with the location that was
actually searched (the home next door now displaying an address placard for 422
Cowan).  Accord Long, 132 S.W.3d
at 447 (recognizing constitutional objective that probable cause must in fact
be established for the place described in the warrant).

The
facts here are distinguishable from the cases in which a search warrant states
the wrong address or street or both but in which probable cause to search the
residence that was actually searched exists based on other facts.  See
Taylor v. State, 974 S.W.2d 851, 853–54, 857
(Tex. App.––Houston [14th Dist.] 1998, no pet.) (holding
search warrant containing wrong street and address not fatally defective when
supporting affidavit established probable cause to search residence actually
searched because it stated that officer executing warrant had previously
“observed the informant purchase cocaine from Taylor’s home” and had “watched
the informant enter the house [that was actually searched] and reappear,
several minutes later, with approximately one-eighth of an ounce of cocaine”); Smith
v. State, 962 S.W.2d 178, 185 (Tex. App.––Houston
[1st Dist.] 1998, pet. ref’d) (holding search warrant containing wrong street
and address not fatally defective when supporting affidavit established
probable cause existed to search residence actually searched because affidavit
stated that officer executing warrant had watched a confidential informant
enter and leave the house after purchasing drugs and that is the house that was
searched); see also Norris v. State, No. 14-96-01376-CR, 1999 WL
212126, at *4 (Tex. App.––Houston [14th Dist.] 1999, pet. ref’d) (not
designated for publication) (holding search warrant containing wrong street and
address not fatally defective when supporting affidavit established probable
cause existed to search residence actually searched because police officer
executing warrant had twice accompanied confidential informant to house and
observed informant enter house and purchase drugs).  In each of these
cases, the State conceded that the address stated in the warrant was
inaccurate, and there was no question that probable cause existed to search the
residence actually searched.  See Taylor, 974 S.W.2d at 852–53 (“[Officer] noticed the address on the
warrant was ‘7131 Fox Port,’ but the actual address of the house [searched] was
‘7031 Foxport.’”); Smith, 962 S.W.2d at 180 (“On appeal, the State concedes that the
warrant recites the wrong address.”); Norris, 1999 WL 212126, at *3
(“The State concedes that the street name and number contained in the search
warrant was inaccurate.”).  In fact, in two of these cases, the address
stated in the warrant was an address that did not exist.  See Taylor,
974 S.W.2d at 854 (noting that “both parties agreed
that no house is located at the address specified in the warrant”); Smith,
962 S.W.2d at 179 (noting that the address on the
warrant was 2400 Brooks Street and that no such address existed).  

These
cases are not controlling here for two main reasons.  First, in the above
cases, the officers observed the informant enter the residence actually
searched and determined that the informant had purchased drugs in the
residence.  Thus, probable cause to search the location actually searched
was not an issue in the above cases.  Here, Officer Ashburn’s probable cause affidavit does not state that he observed the
confidential informant enter the home actually searched.  Although Officer
Ashburn’s affidavit does indicate that the confidential informant identified
Bonds as the person from whom he had made a controlled buy of methamphetamine,
it fails to indicate where that buy occurred or whether Officer Ashburn was
present or observed the buy.  Thus, the fact that the confidential
informant identified Bonds as the person from whom he had conducted a
controlled buy of methamphetamine does not connect Bonds to the residence
actually searched or provide probable cause to search the residence now bearing
the address placard for 422 Cowan.  See Serrano, 123
S.W.3d at 61.  The State does not point
to any facts in Officer Ashburn’s affidavit establishing probable cause to
search any residence other than 401 Barker Street.  

Second,
the address in Officer Ashburn’s affidavit––401 Barker Street––that was
connected to the probable cause facts he articulated did actually exist and was
the home next door to the residence searched.  In two of the above cases,
the incorrect addresses in the affidavits and warrants did not actually
exist.  This is an important fact because probable cause cannot be
associated with an address that does not actually exist; that is, when a search
warrant identifies the place to be searched by an address that does not exist,
then logic dictates that facts cannot exist connecting
criminal activity to some fantasy address.  Accord United States v.
Gordon, 901 F.2d 48, 50 n.3
(5th Cir.) (noting that when
an erroneous address in a warrant does not actually exist, there is no
possibility that the wrongly noted location could have been searched), cert.
denied, 498 U.S. 981 (1990).  But here, Officer Ashburn’s affidavit
asserted probable cause facts based on information from an informant, trash
searches, a credit card application, and a driver’s license all connected to an
address that did actually exist, 401 Barker Street.  

Arguing
on appeal that probable cause did exist to search the residence now bearing the
address placard for 422 Cowan, the State points to testimony provided by
Officer Ashburn at the suppression hearing that when the warrant was executed,
Bonds was found inside that residence, and a truck belonging to Bonds was
parked in front of that residence.  These statements do not factor into
our determination of whether Officer Ashburn’s affidavit articulates facts
establishing probable cause to believe the items identified in the warrant
would be found at the home searched.  See Massey,
933 S.W.2d at 148 (explaining that statements made
during a pretrial hearing on the motion to suppress do not factor into a
probable cause determination).  A review of the magistrate’s
probable cause determination is based on the
information set forth in the four corners of the affidavit.  See State v. Jordan, 342 S.W.3d
565, 568–69 (Tex. Crim. App. 2011).  A warrant is either good or
bad when it issues; probable cause for the search cannot be justified based on
what the search produces.  Byars v. United States, 273 U.S. 28, 29, 47 S. Ct. 248, 248
(1927).  Neither of the subsequently-provided pieces of information
can be considered to retroactively justify issuance and execution of the search
warrant for the residence now marked with the address placard 422 Cowan.  

We
sustain Bonds’s sole issue.

V.  Conclusion

         
Having
sustained Bonds’s sole issue and having held that the
trial court erred by denying Bonds’s motion to
suppress, we reverse the trial court’s judgment and remand this case to the
trial court for further proceedings consistent with this opinion. 

 

 

SUE WALKER
JUSTICE

 

PANEL:
WALKER, MEIER, and GABRIEL, JJ. 

 

PUBLISH

 

DELIVERED:  November
23, 2011



 









[1]Photos
offered into evidence show the residence at 401 Barker Street and a residence
next door bearing an address placard marked 422 Cowan.  Officer Ashburn
testified that the home marked with the numbers 401 is not the residence that
was searched.  The home with the address 401 Barker Street has a grey
composition shingle roof, as described in the affidavit, but the home has four
windows facing towards Barker Street, whereas the affidavit described the home
as having two windows facing towards Barker Street.  The home next door to
401 Barker Street––the residence that was searched and that now displays a
placard bearing the address 422 Cowan––does not have a grey composition shingle
roof but does have two windows facing Barker Street and does have a detached
garage northwest of the residence that has a large white utility door, as
described in the affidavit.  Thus, the search warrant’s description of the
place to be searched––the home now displaying the placard for 422 Cowan––was
partially accurate (two windows facing Barker Street, detached garage northwest
of the residence with a large white utility door) and partially inaccurate
(grey composition shingle roof).  Both of the residences, 401 Barker
Street and 422 Cowan, are arguably white wooden framed
residences.  None of the photos contain a depiction of “a small white and
blue camper trailer” as stated in the affidavit.