**Weldon MANSELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 04–88–00034–CR.**

Court of Appeals of Texas, San Antonio.

Aug. 10, 1988.

John A. Mead, San Antonio, for appellant.

Fred G. Rodriguez, Monica Gonzalez, J. Anne Kelley, Michael L. Gebhart, Criminal Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and CHAPA, JJ.

## OPINION

BUTTS, Justice.

This appeal is from denial of a motion to suppress. Appellant subsequently entered his plea of guilty and preserved his right of appeal. Based on the indictment which contains allegations of two previous convictions, the trial court after finding appellant guilty of possession of cocaine (less than 28 grams), assessed punishment at 25 years' imprisonment.

The written motion to suppress the evidence obtained as the result of execution of the instant search warrant attacks the validity of the search warrant. *See* TEX. CODE CRIM.PROC.ANN. art. 18.01 (Vernon 1977, Supp.1988) and art. 18.02 (Vernon Supp.1988). Appellant brings one point of error assailing denial of the motion to suppress, arguing that the description was not sufficient. Both the affidavit and the search warrant described the premises to be searched as:

a one-story, wood framed duplex, described as being brown in color. Known and numbered as 1911 North Pan Am, apartment number 1 ...

Both instruments further stated the location to be in San Antonio, Bexar County, Texas and:

> being the premises under the control and in charge of Pedro Samilpa and also known to be occupied by Linda Samilpa and a white male known as Joe ... where a controlled substance is kept, to wit: Cocaine.

> \*   \*   \*   \*   \*   \*

The affidavit further set out that the information was received by the affiant, Officer Robert Giddings, from a reliable informant within the past 24 hours. Further, the informant had observed the three named persons at the premises in possession and control of the named controlled substance.

The affiant, Giddings, was the officer who executed the search warrant late in the morning of July 30, 1987. Officer Giddings testified that his "source" (informant) pointed out to him the apartment known as number 1. This was a house converted into a duplex. The apartment pointed out to Giddings was on the left as one faced the house. As Giddings and another officer approached the duplex, a person immediately identified as Pedro Samilpa exited the targeted door on the left. The "source" told Giddings that Samilpa "likes to dress in Army fatigues," and he was so dressed. He was arrested and kept outside.

Giddings and three other officers then announced themselves at the apartment door and entered by force upon hearing "heavy footsteps" inside. A woman ran through the kitchen as did a white male. The man ran into the bathroom, but Giddings detained him after a short scuffle. He told the officer his name was "Joe," but later admitted it was Mansell (appellant). The woman was identified as Linda Samilpa.

The officers located a rental lease of the premises between Pedro and Linda Samilpa as "Resident" and Claude E. Geter as Owner and Realtor. The residential lease was executed on July 15, 1987, and described the premises to be leased as 1911 North Pan Am Expressway # 1.

Geter testified that when his company acquired the property, "[W]e was led to believe that the apartment on the left as you face the property was number one and the one on the right was number two." He did not remember whether there were numbers on the two doors. The tenant on the left vacated what the company believed to be number one and moved into number two (on the right). That person, without permission, moved the Samilpas into the other apartment; number 1, and when this was discovered, Geter had them execute the rental agreement.

After the execution of the search warrant, when a new and current tenant of the second apartment on the right side (not the man who moved in the Samilpas) had a telephone installed, it was discovered that the telephone company listed the apartment on the left as number two. It mistakenly installed the telephone in the then vacant apartment previously occupied by the Samilpas, which it listed as number two, because the new tenant asked for a phone in what was believed to be number two, the apartment on the right. There is no dispute this telephone incident occurred subsequent to the arrest of appellant and Samilpa as the result of the execution of the search warrant.

■ We find the evidence shows that *at the time the affidavit was made and search warrant was issued and executed,* everyone believed that the apartment on the left was number one, including the owner and real estate operator and the information "source." The rental agreement specifically calls it number one. We further find that information obtained after July 30, 1987, the date of the execution of the warrant (that the telephone company subsequent to this time listed the other apartment as number one) is not relevant to the instant search warrant's validity. In addition, the fact that the real estate company or owner of the property subsequent to the date the search warrant was ob-

tained and executed put numbers on the two apartments to conform to the telephone company's listing does not affect the validity of the search warrant on the date it was executed. In other words, at the time of the making of the affidavit, issuance and execution of the search warrant, *number one* was the known number of the apartment on the left. The evidence supports the trial court's finding that the search warrant contained an accurate description of the place to be searched.

The test for determining the sufficiency of a search warrant's description of the place to be searched is whether that description is sufficient to apprise the police of where they are to conduct the search. *Haynes v. State*, 475 S.W.2d 739, 740 (Tex. Crim.App.1972). Where the warrant describes a multiunit dwelling, the description must contain sufficient guidelines to apprise the officers executing that warrant of the particular unit to be searched. *Id.* at 740–41.

█ In addition, even assuming the number was in error, it is our finding that the names of the occupants of an apartment would prevail over a misstated apartment number. *See*, LaFAVE, SEARCH AND SEIZURE § 4.5(a) (2d ed. 1987). In this case all three of the persons named in the search warrant were present on the premises.

█ Giddings, the affiant and the executing officer, further stated that the informant had pointed out the apartment to him. The primary purpose of the limiting words of the Fourth Amendment to the United States Constitution an art. I, § 19 of the Texas Constitution, that the place to be searched must be particularly described, is to minimize the risk that officers executing search warrants will by mistake search a place other than the place intended by the magistrate. In addition, meeting the probable cause requirement of a specific description shows to a magistrate that the described items are to be found in a particular place. LaFAVE, *supra* at § 4.5, p. 207.

We hold that on July 30, 1987, it was readily apparent to the officers which place was to be searched. The point of error is overruled.

The judgment is AFFIRMED.