FILED

**February 11, 2015**

Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00398-CR
4048602
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/6/2015 9:49:11 AM
JEFFREY D. KYLE
CLERK

**03-14-00398-CR**

# In the Court of Appeals for the Third District of Texas
## Sitting in Austin, Texas

# BENNY RIVERA RODGERS

## v.

# STATE OF TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

2/6/2015 9:49:11 AM

JEFFREY D. KYLE
Clerk

## On Appeal from the 119th Judicial District Court
## Of Concho County, Texas
## Trial Court Cause Number
## DSM-13-01853

## Appellant's Original Brief

Appellant:  Benny Rivera Rodgers
Appellee:  State of Texas

Respectfully Submitted by:
Amy Hennington
Counsel for Appellant, A.E.
125 S Washington
San Angelo, TX 76901
Telephone:  (325) 659-8929
Facsimile:  (325) 482-8064
Email:  amy@henningtonlaw.com
State Bar No.:  00790866

## Identity of Parties and Counsel

In accordance with Texas Rule of Appellate Procedure 38.1(a), Appellant certifies the following is a complete list of the parties and their Counsel:

■ State of Texas represented by:

Bryan Clayton
Assistant District Attorney for
  119th Judicial District
124 W Beauregard
San Angelo, TX 76903
 bryan.clayton@co.tom-green.tx.us

■ Appellant, Benny Rivera Rodgers, represented by:

Amy Hennington
125 S Washington
San Angelo, TX 76901
amy@henningtonlawa.com

## TABLE OF CONTENTS

Page

Identity of Parties and Counsel……………………………………………………...i

Table of Contents…………………………………………………………………….ii

Index of Authorities……………………………………………………………….iv

Statement of the Case………………………………………………………………..vi

Statement of the Issues Presented…………………………………………………...vii

Issue Number One: Did the trial court err in denying Appellant's Motion to Suppress?

Issue Number Two: Was the evidence presented at trial legally and factually sufficient to support the jury's finding of guilt in accordance with the Texas Health and Safety Code and the Texas Penal Code?

Statement of the Facts …………………………………………………………...1

Summary of Argument of Issue Number One……………………………………...3

Argument of Issue Number One…………………………………………………3

Summary of Argument of Issue Number Two……………………………………..7

Argument of Issue Number Two…………………………………………………...8

Anders Brief………………………………………………………………………12

Prayer………………………………………………………………………………...13

Certificate of Service………………………………………………………………...13

Certificate of Compliance……………………………………………………………13

Certificate of Counsel …………………………………………………………...14

# Index of the Authorities

**Cases**                                                                      **Page**

*Allen v. State*, 249 S.W.3d 680, 694 n.13 (Tex. App.—Austin 2008, no pet.).......11

*Anders v. State of California*, 386 U.S. 738 (1967)………………………………12

*Aguilar v. Texas,* 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964)…4

*Amador v. State,* 221 S.W.3d 666, 673 (Tex.Crim.App.2007)……………………..4

*Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)…………………...10

*Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991)………..……..9

*Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001)……………………8

*Etchieson v. State,* 574 S.W.2d 753, 759 (Tex.Crim.App.1978)……………..…….5

*Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006)………………....9, 10

*Flores v. State,* 319 S.W.3d 697, 702 (Tex.Crim.App.2010)
     (citing *Illinois v. Gates,* 462 U.S. 213, 238, 244 n. 13,
     103 S.Ct. 2317, 76 L.Ed.2d 527 (1983))…………………………………4

*Groh v. Ramirez,* 540 U.S. 551, 561, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004).…5

*Haynes v. State,* 475 S.W.2d 739, 740 (Tex.Cr.App.1971)………………….…6

*Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)……………………8, 9

*Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd)……………………………………………………………………………10

*Jackson v. Virginia*, 443 U.S. 307, (1979)……………………………..…….8

*James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd)……………………………………………………………………11

*Long v. State,* 132 S.W.3d 443, 447 (Tex.Crim.App.2004)………………….……5

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011)……………….…..8

*Mansell v. State,* 756 S.W.2d 95, 98 (Tex.App.--San Antonio 1988, pet. ref'd)…...6

*Maryland v. Garrison,* 480 U.S. 79, 85-86, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987).6

*Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005)……………..9

*Roberson v. State*, 80 S.W.3d 730, 735-36 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd)………………………………………………………...…………..11

*Rodriguez v. State,* 232 S.W.3d 55, 60 (Tex.Crim.App.2007)……………….…..4

*State v. Barnett,* 788 S.W.2d 572, 576 (Tex.Crim.App.1990)……………….…..5

*State v. McLain,* 337 S.W.3d 268, 271 (Tex.Crim.App.2011)……………….…..4

*Steele v. United States,* 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757 (1925)……5

**Statutes**                                                                                              **Page**

TEX. HEALTH & SAFETY CODE ANN. § 481.002(38)……………………...9

*United States Constitution* Amendment IV………………………………………..3

# STATEMENT OF THE CASE

*Nature of the Case:*

Benny Rivera Rodgers, Appellant, is alleged to have committed the offense of possession of methamphetamine of less than 1 gram.

*Course of Proceedings:*

A bench trial on Appellant's Motion to Suppress was held in the 119th Judicial District of Concho County, Texas on January 2, 2014.

A jury trial was held in the 119th Judicial District of Concho County, Texas on April 28, 2014.

*Disposition in the Trial Court:*

The trial court denied Appellant's Motion to Suppress.

The jury convicted Appellant of possession of less than 1 gram of methamphetamine and sentenced him to two years in the State Jail of the Texas Department of Criminal Justice and a fine in the amount of $5000.00.

*Parties in the Court of Appeals:*

Appellant:  Benny Rivera Rodgers
Appellee:  State of Texas, hereinafter referred as the "State"

# STATEMENT OF THE ISSUES PRESENTED

Issue Number One:
Did the trial court err in denying Appellant's Motion to Suppress?

Issue Number Two:
Was the evidence presented at trial legally and factually sufficient to support the jury's finding of guilt in accordance with the Texas Health and Safety Code and the Texas Penal Code?

**To the Honorable Justices of the Third Court of Appeals:**

Appellant, BENNY RIVERA RODGERS, hereinafter referred to as "Appellant", submits this Brief on appeal by and through his Appellate Counsel, Amy Hennington. After a conscientious examination of the case, including a diligent review of the Record and applicable authorities, Counsel find an absence of meritorious grounds for appeal and further submits the basis of any appeal in this case would be frivolous in nature. Therefore, Counsel for BENNY RIVERA RODGERS submits this *Anders Brief* on behalf of Appellant.

STATEMENT OF FACTS

On October 3, 2013 Deputy Sheriff Brent Frazier obtained a search warrant in Concho County for a residence he believed Appellant resided at. 4 R.R. 18. The address listed in the search warrant was 606 West Broadway, Eden, Texas. 2. R.R. 12, 4 R.R. 18. In addition to the address; a description of the residence was included.

During the Motion to Suppress hearing, Appellant called Tony Sosa to testify. 2 R.R. 8. Mr. Sosa testified that Appellant was his brother-in law and that he knew where Appellant lived but was unsure of the address. 2 R.R. 8. On cross-examination by the State, he agreed that the residence in Exhibit 1 was Appellant's residence. 2 R.R. 10, 6 R.R. State's Exhibit 1 (Motion to Suppress).

1

During the Motion to Suppress hearing Officer Frazier was called to testify. Officer Frazier testified that the address in the search warrant was 606 West Broadway. 2 R.R. 12. Additionally, Officer Frazier testified that the description of the residence in the search warrant was for the only apartments on that block. 2 R.R. 14. He further testified about the difference in address between the City of Eden and utility companies. 2 R.R. 12. Officer Frazier also testified that he knew Appellant and that he had seen him enter into and leave the residence described in the search warrant. 2 R.R. 15.

In the presence of the jury Officer Frazier testified that he obtained a search warrant from Concho County Judge Allen Amos for 606 West Broadway in the City of Eden. 4 R.R. 18. Officer Frazier testified the search warrant was executed by several officers in addition to himself. 4 R.R. 20. The search warrant was executed at approximately 8:00 am. 4 R.R. 20. Appellant, along with Karla Poindexter and Callie Brown were present at the residence. 4 R.R. 20-21. A list of items seized was made and photographs were taken of the items seized during the search. 4 R.R. 21. Officer Frazier further testified that during the process of searching the residence, a syringe was located in the bedroom. 4 R.R. 21-22. Located in the bedroom was a folded paper with Appellant's name on it. 4 R.R. 25. Also located in the bedroom was a box with Appellant's name on it along with the name Karla. 4 R.R. 30. The photographs were admitted without objection.

Officer Frazier testified that the syringe seized during the search warrant was marked, labeled and then sent to a laboratory in Abilene for analysis. 4 R.R. 25.

During cross-examination Officer Frazier admitted he had seen Karla Poindexter at the residence that was searched many times. 4 R.R. 39. Officer Frazier also stated that Appellant and Ms. Poindexter were in a romantic relationship and shared the room where the syringe was located. 4 R.R. 46. Officer Frazier further testified that the items in the photographs had been moved around due to the search. 4 R.R. 47.

SUMMARY OF ARGUMENT
POINT OF ERROR NUMBER ONE

Did the trial court err in denying Appellant's Motion to Suppress the evidence seized?

ARGUMENT AND AUTHORITIES
POINT OF ERROR NUMBER ONE

The Fourth Amendment to the United States Constitution mandates that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." *United States Constitution* Amendment IV. Probable cause exists when, under the totality of the circumstances, there is a fair probability or substantial

3

chance that contraband or evidence of a crime will be found at the specified location. *Flores v. State,* 319 S.W.3d 697, 702 (Tex.Crim.App.2010) (citing *Illinois v. Gates,* 462 U.S. 213, 238, 244 n. 13, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)); R*odriguez v. State,* 232 S.W.3d 55, 60 (Tex.Crim.App.2007). It is a flexible and nondemanding standard. *Rodriguez,* 232 S.W.3d at 60. Additionally, while an appellate court typically reviews a trial judge's motion-to-suppress ruling under a bifurcated standard, [*Amador v. State,* 221 S.W.3d 666, 673 (Tex.Crim.App.2007)], a trial court's determination whether probable cause exists to support a search warrant's issuance is constrained solely to the affidavit's four corners. *State v. McLain,* 337 S.W.3d 268, 271 (Tex.Crim.App.2011); *see Aguilar v. Texas,* 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

Based solely on the affidavit's four corners, the affidavit established a sufficient nexus between criminal activity, the things to be seized, and the place to be searched. From the face of Officer Frazier's affidavit, Judge Amos had a substantial basis to find, either directly or through reasonable inference, probable cause that contraband or evidence of a crime will be found at the described location and satisfactorily established a nexus between criminal activity, the things to be seized, and the place to be searched. Therefore, probable cause existed to search the location described in the affidavit.

In addition to the prevention of general searches, the Fourth Amendment's particularity requirement "assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his powers to search." *Groh v. Ramirez,* 540 U.S. 551, 561, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004). The constitutional objectives of requiring a "particular" description of the place to be searched include: (1) ensuring that the officer searches the right place; (2) confirming that probable cause is, in fact, established for the place described in the warrant; (3) limiting the officer's discretion and narrowing the scope of his search; (4) minimizing the danger of mistakenly searching the person or property of an innocent bystander or property owner; and (5) informing the owner of the officer's authority to search that specific location. *Long v. State,* 132 S.W.3d 443, 447 (Tex.Crim.App.2004).

A warrant is sufficiently particular if it enables the officer to locate the property and distinguish it from other places in the community. *Etchieson v. State,* 574 S.W.2d 753, 759 (Tex.Crim.App.1978); *see Steele v. United States,* 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757 (1925). The particularity requirement is related to the probable cause requirement in that it enables the magistrate to determine whether probable cause exists for the requested search. *State v. Barnett,* 788 S.W.2d 572, 576 (Tex.Crim.App.1990). A warrant may be invalid upon its issuance because its description of the place to be searched or the person or things

5

to be seized is insufficient on its face. Alternatively, it may prove insufficiently particular as a result of subsequently discovered facts. *Maryland v. Garrison,* 480 U.S. 79, 85-86, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987).

The test for ascertaining the adequacy of a search warrant's description of the place to be searched is whether the place described is sufficient to inform officers of the place where they are to conduct the search. *Haynes v. State,* 475 S.W.2d 739, 740 (Tex.Cr.App.1971); *Mansell v. State,* 756 S.W.2d 95, 98 (Tex.App.--San Antonio 1988, pet. ref'd). Where the search warrant is for a multiunit dwelling, the place described must contain adequate guidelines to apprise the officers executing the warrant of the particular unit to be searched. *Haynes v. State,* 475 S.W.2d at 740; *Mansell v. State,* 756 S.W.2d at 98.

The identity of the person named as the occupant of the apartment controls over any misstated apartment number. *Mansell v. State,* 756 S.W.2d at 98. The purpose of the state and federal constitutional requirements that the place to be searched must be particularly described is to minimize the risk that peace officers who execute search warrants will mistakenly search a place other than the place intended by the magistrate. *Id.*

However, the warrant's description in the present case is clearly facially particular. The description contains the location's street address complete with the city and county provided to officer by the city, the use of the location as a

residence, building construction, exterior color, type of roofing material, the direction the residence is facing, and the location of the residence was behind a particular business.  2 R.R. 12,  C.R. 7-15.

Like the warrant at issue, most inaccuracies in a warrant's description, as a practical matter, will be discovered after the issuance of the warrant and perhaps during or after the warrant's execution. It follows that a particularity determination of a facially particular warrant will incorporate extrinsic facts in addition to the warrant's four corners.

Considering the warrant's four corners and the additional facts adduced in the Motion to Suppress hearing, the warrant's description of the location to be searched was sufficiently particular within the Fourth Amendment's command. The description of the location to be searched while may arguably have had multiple addresses the description provided in the affidavit matched the house searched. Additionally any ambiguity that might have arisen is resolved with Officer Frazier's knowledge of Appellant residing in the residence searched.

<u>SUMMARY OF ARGUMENT</u>
<u>POINT OF ERROR NUMBER TWO</u>

Was the evidence presented at trial legally and factually sufficient to support the jury's finding of guilt in accordance with the Texas Health and Safety Code and the Texas Penal Code?

## ARGUMENT AND AUTHORITIES
## POINT OF ERROR NUMBER TWO

In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences wherefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13; *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. at 326. Further, direct and circumstantial evidence

are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13. Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Appellant complains that the evidence was insufficient for the jury to have found that he intentionally or knowingly possessed methamphetamine that was found during a search of a residence where he was staying. To prove unlawful possession of any controlled substance, "the State must prove that (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); see also TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) Possession is not required to be exclusive. See *Evans*, 202 S.W.3d at 162.

When the defendant is not in exclusive possession of the place where the controlled substance is found, then additional, independent facts and circumstances must affirmatively link the defendant to the substance in such a way that it can reasonably be concluded that the defendant possessed the substance and had knowledge of it. *Poindexter v. State*, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005);

*Kibble v. State*, 340 S.W.3d 14, 18 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).  In other words, the evidence "must establish, to the requisite level of confidence, that the defendant's connection with the [contraband] was more than just fortuitous," which may be established by direct or circumstantial evidence. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Several factors may help to establish a link between the defendant and the contraband, including (1) the defendant's presence when a search is conducted; (2) whether the substance was in plain view; (3) the defendant's proximity to and the accessibility of the substance; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the substance was found; (12) whether the place where the substance was found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Evans*, 202 S.W.3d at 162.

Not all of these factors must be proved; rather, it is the cumulative logical force the factors have in proving possession that we must consider. See *James v. State*, 264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). Additionally, the absence of some of the factors is not evidence of innocence that must be weighed against the factors that are present. *Id.* Rather, they are used to assess the sufficiency of the evidence linking the defendant to the knowing possession of contraband. See, e.g., *Roberson v. State*, 80 S.W.3d 730, 735-36 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *Allen v. State*, 249 S.W.3d 680, 694 n.13 (Tex. App.—Austin 2008, no pet.).

From the testimony of Officer Frazier it is clear that Appellant was not the only one in the residence at the time of the search. Nor was he the only one who had been observed entering into and leaving the residence. However, Appellant was present at the time of the search warrant was executed and the methamphetamine was seized. Additionally, the methamphetamine was found in the bedroom of the residence, the syringe containing the methamphetamine was in plain sight, there was a document addressed to Appellant near the methamphetamine, there was other drugs and paraphernalia seized, and a box with his name on it was located in the same room.

# ANDERS BRIEF

The United States Supreme Court does not obligate counsel representing a client on appeal to argue in support of grounds for reversal of the lower court's judgment when after a "conscientious examination' of the case, appellate counsel determines appeal to be "wholly frivolous." *Anders v. State of California*, 386 U.S. 738, 744 (1967). In such situations, the United States Supreme Court has outlined appropriate procedural steps to be taken by appellate counsel: 1) counsel is required to submit a brief examining the record for any point arguable in support of proper grounds for reversal on appeal; 2) counsel must furnish this brief to an indigent client enabling the client the right to file a pro-se brief based on points of appeal this individual maintains present proper grounds for appeal; and 3) counsel may request the appellate court grant counsel's request to withdraw from the obligation of providing further legal representation to the client on appeal. *Id.*

Counsel for BENNY RIVERA RODGERS would submit the above "Anders Brief" on behalf of Appellant. Counsel has conducted a "conscientious examination" of the case, including a diligent review of the Record and applicable authorities. Counsel admits there is an absence of meritorious grounds for appeal and further submits the basis of any appeal in this case would be frivolous in nature.

**PRAYER**

Appellant, BENNY RIVERA RODGERS, prays for additional time to review the Anders Brief submitted on behalf of Appellant and the opportunity to file a pro se appellant's brief on her own behalf.

Respectfully Submitted:

*/s/ Amy Hennington*

Amy Hennington
Counsel for Appellant,
BENNY RIVERA RODGERS
125 S Washington
San Angelo, TX 76901
Telephone: (325) 659-8929
Facsimile: (325) 482-8064
Email: amy@henningtonlaw.com
State Bar No.: 00790866

<u>CERTIFICATE OF COMPLIANCE</u>

I certify, pursuant to Tex. R. App. P. 9.4., that the foregoing Appellant's Brief was generated by computer and is 2917 words in length as calculated by the program used to prepare the document and excluding the portions listed in Tex. R. App. P. 9.4(i)(1).

*/s/ Amy Hennington*

Amy Hennington

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing was served on Bryan Clayton, 119th Assistant District Attorney, Concho County, Texas, 124 W. Beauregard Ave., San Angelo, Texas 76903 in accordance with Tex. R. App. P. 9.5 on February 4, 2015.

*/s/ Amy Hennington*

Amy Hennington

## NO. 03-14-00398-CR

| | | |
|---|---|---|
| **BENNY RIVERA RODGERS** | § | **IN THE** |
| | § | |
| **VS.** | § | **THIRD COURT** |
| | § | |
| **STATE OF TEXAS** | § | **OF APPEALS** |

## <u>CERTIFICATE OF COUNSEL</u>

In compliance with the requirements of *Anders v. California*, 386 U.S. 378, (19976), I, Amy Hennington, court-appointed counsel for Appellant, Benny Rivera Rodgers, in the above-referenced appeal, do hereby verify, in writing, to the Court that I have:

1. Notified Appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to Appellant;
2. Informed Appellant of his right to file a pro se response identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;
3. Advised Appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;
4. Explained the process for obtaining the appellate record, provided a Motion for Pro Se Access to the Appellate Record lacking only Appellant's signature and the date, and provided the mailing address for this Court; and
5. Informed Appellant of his right to seek discretionary review pro se should this Court declare his appeal frivolous.

Respectfully submitted,

*/s/ Amy Hennington*

14